BANKERS' LIFE INS. CO. v. HODGES.
(No. 1859.)

Court of Civil Appeals of Texas. Beaumont.
June 17, 1929.

Rehearing Denied June 26, 1929.

W. J. Rutledge, Jr., of Dallas, for appellant.

Dies, Stephenson & Dies, of Orange, for appellee.

WALKER, J. This is an appeal from a default judgment rendered against appellant in appellee's favor upon an insurance policy in the sum of $5,000, with additional amounts of $600 as statutory damages and $1,000 as attorney's fees. Appellant concedes that appellee's petition and the citation and the sheriff's return on the citation showing due service upon it were prima facie sufficient to support the judgment. By its motion for new trial, filed at the term of court at which the judgment was rendered, appellant attacks the judgment on the grounds that the sheriff's return showing due service was false, and that judgment was rendered against it without any service of citation, and that it had a meritorious defense to appellee's cause of action. These points are brought forward in appellant's assignments of error, supported by pertinent propositions. The record shows that the trial court heard the motion in term time, permitting appellant to offer oral and written testimony in support of its motion, and permitting appellee to controvert the motion by pertinent testimony. At the conclusion of the testimony the motion for new trial was overruled, to which appellant reserved its exceptions, and has brought the case to this court upon a transcript, but with no statement of facts.

Appellee has moved to strike appellant's briefs, because its propositions are not supported by "the necessary statement from the record," as required by rule 31 regulating briefing in the Courts of Civil Appeals. This exception must be sustained. Appellant has made no statement whatever. As mere argument, it has brought forward the conclusions of its counsel as to what the record showed, but has not undertaken to comply with that section of rule 31 which provides that "such statement shall be correlated, entire and distinct, and so presented as to enable the court to readily consult it." If we were to take as facts the conclusions embodied by appellant in its argument, we could not determine the merits of its appeal without going to the transcript. It follows the briefs must be stricken. Article 1844, note 65, Vernon's Ann. Civ. St. 1925. There being no fundamental error, it is our order that the judgment of the trial court be and the same is hereby in all things affirmed.

However, if we should be in error in striking the briefs, still there is no merit in appellant's appeal. Its right to a new trial was a question of fact, to be determined by the trial court, and in passing upon this issue the trial court heard certain testimony. We have no jurisdiction to review the discretion of the trial court in overruling the motion, in the absence of a statement of facts. The presumption is conclusive and absolute that the motion was properly denied.

Affirmed.